# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carl A. Nordbruch and Dana M. Nordbruch, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 394 C.D. 2025 |
| | : | |
| Quick Holdings, LLC and Tax Claim Bureau of York County | : | Submitted: June 16, 2026 |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge


**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                                                    FILED:    July 27, 2026

Carl A. Nordbruch and Dana M. Nordbruch (Appellants) appeal from an order of the Court of Common Pleas of York County (trial court), dated March 4, 2025, which dismissed Appellants' objections to an upset tax sale of their property. The trial court concluded the York County Tax Claim Bureau (Bureau) complied with all provisions of the Real Estate Tax Sale Law (RETSL)[1] governing notice of the sale. After careful review, we reverse.

Appellants reside at 2082 Hain Road, New Freedom, York County, Pennsylvania. They also own an adjacent undeveloped parcel known by York County uniform parcel identification number 41-000-CJ-0021.D0-00000

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-.803.

(Property).[2]  The Property was listed and sold at an upset tax sale on September 19, 2024.  Quick Holdings, LLC (together with the Bureau, Appellees) was the successful bidder at the upset sale. Appellants filed timely objections to the sale.

The trial court held a hearing on February 28, 2025, at which Appellants, the Bureau, and Quick Holdings appeared.  At the hearing, all parties agreed no testimonial evidence was necessary in light of factual stipulations the parties had filed.  Reproduced Record (R.R.) at 54a-55a.

Per the stipulations, the Bureau posted notice of sale on the Property and published notice in local newspapers.  R.R. at 15a.  On August 9, 2024, the Bureau sent, by certified mail, notices of public tax sale to Appellants at their residence.  *Id.* at 14a.  On August 16, 2024, the Bureau sent notice of the sale by first-class mail to each of Appellants individually at their residence.  *Id.* at 16a.  On or about August 27, 2024, the certified mailings sent August 9 were returned to the Bureau unclaimed and unsigned.  *Id.* at 34a, 39a.  On September 11, 2024, the Bureau conducted a search for other addresses for Appellants in an online directory, https://PeopleSearch.com.  *Id.* at 15a, 37a.  That search revealed six other addresses and six phone numbers associated with Mr. Nordbruch.  *Id.* at 37a.  The stipulations do not indicate the Bureau sent any mail to those addresses or contacted those phone numbers.  *See id.* at 14a-16a.  Before the trial court, Appellants argued the Bureau's failure to contact the addresses and numbers found in its search, and to search other county records, violated Section 607.1 of RETSL.[3]  *Id.* at 60a.

The trial court dismissed Appellants' objections and confirmed the upset sale.  It found Appellants had admitted they receive mail at only their

---

[2] The Property does not appear to have a postal address.  The mailing address for taxes on the Property is Appellants' adjacent residence.  *See* Reproduced Record (R.R.) at 13a-14a.

[3] Added by the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a.

residence, so any further notice efforts by the Bureau at other addresses would have been "fruitless." Trial. Ct. Mar. 4, 2025 Mem. Op. at 1. The trial court also noted Appellants' concession that the Bureau complied with the initial notice requirements in Section 602 of RETSL. *Id.* at 3; *see* Appellants' Br. at 10. The trial court emphasized strict compliance with the additional notification efforts under Section 607.1 would not have improved notice to Appellants, since the Bureau had already sent multiple notices to their only address. Because that was the sole basis for the objections, the trial court confirmed the sale. In its Pa.R.A.P. 1925(a) opinion, the trial court added that Appellants offered no testimony or evidence that the Bureau failed to conduct the searches Section 607.1 of RETSL requires, such as searching county prothonotary records. Trial Ct. Op., Apr. 8, 2025, at 1-2 (distinguishing *George v. Delaware Cnty. Tax Claim Bureau*, 323 A.3d 106 (Pa. Cmwlth. 2024)).

On appeal,[4] Appellants raise essentially two issues. First, they argue the trial court erred in concluding that, if the Bureau fully complied with the notice requirements of Section 602 of RETSL, the Bureau was not required to make additional notification efforts under Section 607.1 of RETSL. Second, Appellants argue the Bureau failed to comply with Section 607.1.

For a tax sale to be valid, due process requires notice to the owner of the property. Section 602 of RETSL requires notice by publication, posting on the property, and certified mail. *Williams v. Cnty. of Monroe*, 303 A.3d 1098, 1100 (Pa. Cmwlth. 2023), *reargument denied*, (Oct. 16, 2023). Section 602(e) requires the Bureau to give notice of the scheduled upset sale:

---

[4] Our review in tax sale appeals "is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law." *Plank v. Monroe Cnty. Tax Claim Bureau*, 735 A.2d 178, 181 n.6 (Pa. Cmwlth. 1999).

3

(1) [a]t least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner . . . [and]

(2) [i]f return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the [tax] bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the [tax] bureau to determine the last post office address known to said collector and county assessment office.

72 P.S. § 5860.602(e).

Section 607.1 of RETSL specifies how the Bureau discharges its "duty . . . to determine" the taxpayer's address. It requires:

When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, *and such mailed notification is either returned without the required receipted personal signature of the* addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, the [tax] bureau *must* exercise reasonable efforts to discover the whereabouts of such person or entity and notify him. The [tax] bureau's efforts *shall include*, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well

4

as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property. When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed.

72 P.S. § 5860.607a (emphasis added). "[I]n essence, [RETSL] requires additional notification efforts when circumstances raise significant doubt as to personal receipt by the owner." *Williams*, 303 A.3d at 1101 (quoting *Estate of Smith v. Pike Cnty. Tax Claim Bureau* (Pa. Cmwlth., No. 841 C.D. 2011, filed December 19, 2011), slip op. at 11).

If the circumstances require additional notification efforts, Section 607.1 enumerates minimum specific searches the Bureau "shall" make. These are not suggestions. "A tax claim bureau is required under the clear language of Section 607.1 to, at the very least, search current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office, and the prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property." *George*, 323 A.3d at 111.

We set aside tax sales "where all the searches listed in Section 607.1 . . . were not performed," "even though the searches would have been futile." *Id.* at 111. Further, a tax bureau's failure to *use* contact information it finds, as by writing to an address on file or calling a phone number found in a search, falls short of the "ordinary common sense business practices" the tax bureau must follow during additional notification efforts. *Id.* at 112. Once the need for, or sufficiency of, additional notification is placed into issue by an objector, the burden shifts to the

5

Bureau to prove it complied with Section 607.1.[5]  *See id.* at 109; *Williams*, 303 A.3d at 1101.

Appellants initially argue the Bureau was required to perform additional notification efforts under Section 607.1.  Appellees apparently concede Section 607.1 was triggered.  *See* Appellees' Br. at 2.  We agree: the return of the certified mail notices unclaimed and unsigned would have raised significant doubt for the Bureau that Appellants received notice, thus requiring additional efforts.  *Williams*, 303 A.3d at 1101.

Appellants principally argue the Bureau did not prove strict compliance with Section 607.1.  They argue the record contains no evidence the Bureau searched "the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office."  72 P.S. § 5860.607a.  Appellants acknowledge the Bureau conducted a directory-like search online, but they emphasize the Bureau never contacted any of the addresses or phone numbers that search revealed.  Appellants argue the trial court erred in accepting less-than-strict compliance with Section 607.1 as adequate, and in requiring them, rather than the Bureau, to prove compliance.

Appellees respond the Bureau was required to conduct only a reasonable search, and when the directory search aligned with Appellants' residential address, it did not need to do more.  Appellees claim, without citation to the record, that the Bureau "searched the York County Assessment Records." Appellees' Br. at 6.  They do not address the dockets and indices of the recorder of deeds or prothonotary.  Finally, Appellees argue that because the Bureau sent first-

---

[5] A tax claim bureau is—or should be—especially well positioned to make this showing because Section 607.1 requires "notation" of additional notification efforts in the bureau's file.  72 P.S. § 5860.607a.

class mail notices to Appellants after sending the certified mail notices (the latter of which were ultimately returned), the burden shifted to Appellants to demonstrate lack of compliance with Section 607.1.

We agree with Appellants that the Bureau did not prove it complied with the statute, and that the trial court thus erred in confirming the sale. The Bureau stipulated the record contains its entire file on the Property. R.R. at 16a. As Appellants correctly observe, missing from the record is any notation or evidence that the Bureau searched the dockets and indices of the county tax assessment office, recorder of deeds, and prothonotary. The Bureau's assertion to the contrary in its brief is (a) only partial because it addresses only the tax assessment office and (b) *dehors* the record and is thus beyond our power to consider. *Laspino v. Rizzo*, 398 A.2d 1069, 1073 (Pa. Cmwlth. 1979) (en banc). Any reasonable effort under Section 607.1 must include, "at the very least," searching every one of the enumerated record types in Section 607.1, regardless of whether those searches will be efficacious. *See generally George*.

Further, we cannot agree it was reasonable for the Bureau to ignore the addresses and telephone numbers its single directory search produced. We reject Appellees' reliance on the first-class mail "10-day notice" to satisfy this requirement. That notice was sent to Appellants' residence *before* the Bureau conducted the search. It does not appear the Bureau undertook any efforts after it found new contact information. Under these circumstances, we conclude it was not reasonable for the Bureau to find and note, but then ignore, that new information.

We often say "the forfeiture of a person's property rights for failure to pay taxes is a momentous event under the Pennsylvania and United States Constitutions." *Famageltto v. Cnty. of Erie Tax Claim Bureau*, 133 A.3d 337, 339

(Pa. Cmwlth. 2016) (en banc) (quoting *Stanford–Gale v. Tax Claim Bureau of Susquehanna Cnty.,* 816 A.2d 1214, 1216 (Pa. Cmwlth. 2003)).  We do not think it is asking too much for a Bureau employee to search the county's own records[6] or dial a few phone numbers to which "[the B]ureau could have easily reached out." *George*, 323 A.3d at 112.  But regardless of what we think, the statute says the Bureau must search specific records.  The Bureau failed to do that in this case, or it failed to prove that it did that.  Because the law requires the Bureau, not Appellants, to prove compliance, the result is the same either way: "the sale may [not] be confirmed."  72 P.S. § 5860.607a.

For the foregoing reasons, we conclude the trial court erred in determining the Bureau complied with Section 607.1 of RETSL, which it was required to follow in this case.  Accordingly, we reverse the trial court's order.

_____
MATTHEW S. WOLF, Judge

---

[6] We take judicial notice that the Bureau's office is located at the same address as the York County Assessment Office and the York County Recorder of Deeds' office, and within two blocks of the York County Prothonotary's office within the York County Judicial Center. *Compare* R.R. at 1a *with* https://york-county.org *and* https://york-county.org/york-county-courts (last visited July 24, 2026).

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl A. Nordbruch and Dana M.  :
Nordbruch,  :
                Appellants  :
                  :
         v.  :    No. 394 C.D. 2025
                  :
Quick Holdings, LLC and Tax Claim  :
Bureau of York County  :

## **O R D E R**

AND NOW, this 27th day of July 2026, the March 4, 2025 order of the Court of Common Pleas of York County is REVERSED.

_____
MATTHEW S. WOLF, Judge